IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAREK LATHAN,

                 Petitioner,

v.

WARDEN E. EMMERICH,

                 Respondent.

OPINION and ORDER

24-cv-133-wmc

---

Petitioner Darek Lathan, who is incarcerated in this district, seeks relief under 28 U.S.C. § 2241 following his conviction for illegally possessing a firearm and ammunition as a felon in the Northern District of Ohio. *See United States v. Lathan*, No. 18-cr-67, Dkt. #219 (N.D. Ohio). Lathan contends that there are newly available affidavits in his criminal case that can exonerate him, which are allegedly "unopposed" by prosecutors. (Dkt. #1, at 1, 4.) Since the motion is mischaracterized as falling under § 2241, but rather is effectively a motion to vacate under 28 U.S.C. § 2255, the court must dismiss it for lack of jurisdiction.

BACKGROUND[1]

Lathan was convicted after a jury trial in the U.S. District Court for the Northern District of Ohio and subsequently sentenced to 235 months' incarceration on December 8, 2021. Lathan then filed a direct appeal, which the Sixth Circuit denied on March 15, 2023. *See United States v. Lathan*, slip op. No. 21-4177 (6th Cir. 2023). On October 12, 2022 -- while his direct appeal was still pending -- Lathan also filed a motion for a new trial, claiming newly discovered evidence. The district court denied this motion on December 9, 2022, finding it

---

[1] The following facts are taken from the petition and electronic court records.

was not based on newly discovered evidence, but on newly *available* evidence. *United States v. Lathan*, No. 18-cr-67, Dkt. #335. Lathan also appealed that order to the Sixth Circuit, which affirmed the district court on August 8, 2023. *See United States v. Lathan*, slip op. No. 22-4064 (6th Cir. 2023).

In April of 2023, Lathan sought relief under 28 U.S.C. § 2255 in the Northern District of Ohio, making allegations substantially similar to those in his petition in this case. *Lathan*, 18-cr-67, Dkt. #344. In view of his pending appeal before the Sixth Circuit, the sentencing court first denied Lathan's § 2255 motion as premature on June 12, 2023. *Id.*, Dkt. #349. Lathan then filed another § 2255 motion, which the sentencing court denied on March 25, 2024. *Id.*, Dkt. ##351, 362. Lathan subsequently filed a motion with the sentencing court seeking a certificate of appealability, which has not yet been ruled on. *Id.*, Dkt. #364.

In March of 2023, Lathan also filed a purported petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Northern District of West Virginia, where he was incarcerated at the time. *Lathan v. Brown*, 23-cv-114, Dkt. #1. (N.D. W. Va). That petition advanced the same argument he made before the sentencing court: (1) an affidavit from the owner of the charged-illegally-possessed firearm would prove his innocence; and (2) a change in law has rendered his sentence unlawful. However, because his § 2255 motion was still pending at the time, his § 2241 petition was dismissed for lack of subject-matter jurisdiction. *Id.*, Dkt. #23.

OPINION

## I. Petition for Writ of Habeas Corpus

Generally, a federal prisoner who wishes to collaterally attack his conviction or sentence must do so under 28 U.S.C. § 2255 in the court that sentenced him. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022); *see also* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming [his federal] sentence was imposed [unlawfully] may move the court which imposed the sentence to vacate . . . the sentence."). Still, when determining the character of a pro se filing, courts must look to its substance rather than its label. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). If a § 2255 motion "is inadequate or ineffective to test the legality of his detention," a district court may, in some cases, grant relief under § 2241. *See* 28 U.S.C. § 2255(e); *Jones v. Hendrix*, 599 U.S. 465, 474-76 (2023).

Unfortunately for Lathan, however, his § 2241 petition attacks the legality of his conviction and sentence. More specifically, Lathan does *not* "challenge[] the legality of his *detention* without attacking the validity of his *sentence*," and his petition fails to present "unusual circumstances in which it is impossible or impracticable for [Lathan] to seek relief from the sentencing court." *Jones*, 599 U.S. at 474-75 (emphasis in original). Plus, the materials that Lathan cites in support of his entitlement to habeas relief may be reviewed as easily -- or given its familiarity with the record, more easily -- by the sentencing court than by this court.

As a result, this court must treat Lathan's purported § 2241 petition as a § 2255 motion, which it cannot decide. Rather, Lathan must file his petition in the court that sentenced him -- the Northern District of Ohio.

The court may transfer this action to that district to cure the lack of jurisdiction if the transfer "is in the interest of justice." *See* 28 U.S.C. § 1631. The court will not do this here,

3

however, because Lathan's petition is also an unauthorized, successive motion to vacate. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) ("The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals").

## II. Motion to Appoint Counsel

Lathan also requests the appointment of counsel (dkt. #13), which the court may also appoint for a § 2255 petitioner if "the interests of justice so require" and he is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether (1) the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case, and (2) he would have had a reasonable chance of winning with a lawyer at his side. *See e.g.*, *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Because this court lacks jurisdiction to decide his petition, Lathan cannot meet this standard either. Thus, the court must deny Lathan's request for counsel as well.

ORDER

IT IS ORDERED that:

1) Petitioner Darek Lathan's motion to vacate his sentence (dkt. #1) is DISMISSED for lack of jurisdiction.

2) Petitioner's motion for appointment of counsel (dkt. #13) is DENIED.

3) Petitioner's requests for an expedited hearing (dkt. #2), judicial notice of the denial of his petition to vacate in the U.S. District Court for the Northern District of Ohio (dkt. #11), and that court's failure to apply the "escape hatch clause" to his motion (dkt. #12) are DENIED as moot.

4) The clerk of court is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered this 27th day of November, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge